UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KRISTIN NACA, | Case No. 16-CV-3263 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| MACALESTER COLLEGE, | |
| Defendant. | |

Plaintiff Kristin Naca was employed as a "Faculty Diversity Fellow" and then as an assistant professor of poetry by defendant Macalester College ("Macalester"). She was fired on September 29, 2015, apparently after engaging in a sexual relationship with a student or alumna. She now sues Macalester, alleging (among other things) that Macalester discriminated against her on the basis of race, sex, sexual orientation, national origin, disability, and religion.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear." *Gurman v. Metro Hous. & Redev. Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011) (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, each allegation in a complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Naca's complaint—which weighs in at a remarkable (in a bad way) 81 pages and 250 numbered paragraphs and culminates in 26 claims for relief—does not come close to complying with Rule 8. The complaint sets forth in numbing detail just about every slight that Naca alleges she suffered during her tenure at Macalester. And the allegations in the complaint are not "simple, concise, and direct"; instead, they are rife with purple prose and personal invective.

"Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed." *Gurman*, 842 F. Supp. 2d at 1152. Complaints are not briefs; they are not press releases; they are not vehicles for venting personal outrage or bludgeoning an opponent into submission. Instead, their function is to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (omission in original)). This Court has handled dozens (if not hundreds) of employment-discrimination cases; the complaints in such cases are typically 10 to 20 pages. Naca can provide fair notice of her claims in a fraction of 81 pages.

The Court will therefore strike the complaint for violating Rule 8. The Court will also give Naca an opportunity to file a complaint that complies with the rule. If she fails to do so, the Court will dismiss this action without prejudice. *See Gurman*, 842

F. Supp. 2d at 1154 (dismissing complaint for violating Fed. R. Civ. P. 8 with leave to replead a shorter complaint).[1]

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff Kristin Naca's complaint [ECF No. 1] is STRICKEN for violating Fed. R. Civ. P. 8.

2. To proceed with this action, Naca must file an amended complaint of no more than 10,000 words no later than Friday, October 28, 2016.  That complaint must comply with the Federal Rules of Civil Procedure—including, but not limited to, Rule 8—and the local rules of this District.

3. If Naca fails to file an amended complaint in compliance with ¶ 2 of this order, the Court will dismiss this action without prejudice.

---

[1]The Court also notes that, although putting the entire 16-paragraph demand for relief in all capital letters does not violate any rule, it also does not contribute to legibility, comprehension, or the civil resolution of this dispute.

4. Defendant's time to answer or otherwise respond under Fed. R. Civ. P. 12 will not begin to run until Naca has complied with ¶ 2 of this order.

Dated: September 30, 2016         s/Patrick J. Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge