# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

KRISTIN NACA,                                         Case No. 16-CV-3263 (PJS/BRT)

        Plaintiff,

v.                                                                    ORDER

MACALESTER COLLEGE,

        Defendant.

---

Peter J. Nickitas, PETER J. NICKITAS LAW OFFICE, L.L.C., for plaintiff.

Sean R. Somermeyer, Kathlyn E. Noecker, and Terran C. Chambers, FAEGRE BAKER DANIELS LLP, for defendant.

Plaintiff Kristin Naca was employed as a "Faculty Diversity Fellow" and then as an assistant professor of poetry by defendant Macalester College ("Macalester"). Macalester fired Naca after one of her former students reported (1) that Naca solicited sex from her 11 days before she graduated and (2) that Naca had sex with her three days after she graduated. Naca brought this lawsuit against Macalester, alleging, in essence, that Macalester fired her not because she solicited sex from and then had sex with a student, but because Macalester was hostile to Naca on account of her race or ethnicity, national origin, sex, sexual orientation, disability, and religion.

Naca's original complaint was stricken for violating the command of Fed. R. Civ. P. 8(a)(2) that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and the command of Fed. R. Civ. P. 8(d)(1)

that each allegation in a complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  As the Court explained:

> Naca's complaint—which weighs in at a remarkable (in a bad way) 81 pages and 250 numbered paragraphs and culminates in 26 claims for relief—does not come close to complying with Rule 8.  The complaint sets forth in numbing detail just about every slight that Naca alleges she suffered during her tenure at Macalester.  And the allegations in the complaint are not "simple, concise, and direct"; instead, they are rife with purple prose and personal invective.

ECF No. 6 at 2.  The Court gave Naca an opportunity to file an amended complaint, but ordered that the complaint not exceed 10,000 words.

Naca filed an amended complaint.  Although the complaint met the letter of the Court's order—it came in at 9,641 words—the complaint actually *increased* the number of claims from 26 to 35.  ECF No. 8.  Macalester responded by filing a motion to dismiss. ECF No. 40.  At the hearing on that motion, the Court dismissed about two-thirds of Naca's claims from the bench.  ECF No. 64.

Naca now seeks to amend her complaint to add Brian Rosenberg (the President of Macalester) as a defendant, and to bring seven claims against him.  ECF No. 55.  The circumstances giving rise to Naca's request can be briefly summarized as follows:

After this lawsuit was filed on September 28, 2016, Naca and her supporters took to social media to draw attention to this lawsuit, to publicize Naca's allegations and her denial of Macalester's allegations, and to attract support and donations for Naca.

Macalester's independent student newspaper—*The Mac Weekly*—became aware of

Naca's lawsuit and asked both Naca and Rosenberg to comment.  In response, Naca

told *The Mac Weekly* that her termination was a "clear violation of [her] due process

rights and a blatant act of discrimination made under false pretenses."  ECF No. 61-1

at 2.  Also in response, Rosenberg issued a statement to *The Mac Weekly*, the following

two sentences of which were quoted in the newspaper:

> Kristin Naca's employment at Macalester was terminated as
> the result of a serious violation of the college's policies
> relating to Title IX protections, following a complaint about
> her conduct with a student. . . . Unfortunately, Naca's
> response to these findings . . . has been to attack, intimidate
> and retaliate against the survivor who brought forward the
> complaint.

*Id.*  (The reference to "attack, intimidate and retaliate" is a reference to the fact that,

before suing Macalester in federal court, Naca sued her alleged victim in state court.)

Naca now wants to sue Rosenberg for commenting on her lawsuit in this way.

Specifically, Naca wants to bring a defamation claim against Rosenberg because, she

says, his assertion was false in three respects:  (1) she did not commit "a serious

violation of the college's policies"; (2) her alleged victim was not a "student" because

she had graduated three days before they had sex; and (3) her alleged victim was not a

"survivor," because the use of the word "survivor" implies that the alleged victim was

sexually assaulted, and the alleged victim was not sexually assaulted (as the alleged

victim herself admitted in a letter to Naca). ECF No. 55-1 ¶¶ 250-264. Naca also wants to bring six retaliation claims under various civil-rights statutes, on the theory that her filing of the lawsuit was protected activity, and Rosenberg's statement about the lawsuit constituted unlawful retaliation for engaging in that protected activity. *Id.* ¶¶ 265-271.

Magistrate Judge Steven E. Rau denied Naca's motion for leave to amend her complaint to add Rosenberg as a defendant and to bring seven claims against him. ECF No. 63. This matter is before the Court on Naca's objection to Judge Rau's order. ECF No. 66. The Court has conducted a de novo review. *See Magee v. Trs. of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013). Based on that review, the Court overrules Naca's objection to Judge Rau's order and denies her motion for leave to amend her complaint.

The first reason why the Court overrules Naca's objection is procedural: Local Rule 72.2(c)(1)(A) clearly provides that an objection to a magistrate judge's ruling "must not exceed 3,500 words . . . ." Naca's counsel is familiar with this rule, as he is a longtime and active member of this Court's bar, and he has often objected to the rulings of magistrate judges. And yet Naca's objection to Judge Rau's ruling was (according to the certificate of "compliance" filed by Naca's counsel) 7,568 words, over *double* the word limit. Naca's counsel did not seek permission to exceed the word limit nor even acknowledge that he had done so. This is, unfortunately, of a piece with Naca's

counsel's conduct before this Court.  In this case and in several other cases before the

Court, Naca's counsel has regularly violated the Federal Rules of Civil Procedure and

the local rules of this District.  The Court will no longer tolerate such violations.  Naca's

objection is overruled because it does not come close to complying with Local

Rule 72.2(c)(1)(A).  *See Burns v. Office of Atty. Gen.*, No. 05-CV-0858 (PJS/RLE),

2009 WL 825778, at *1 (D. Minn. Mar. 27, 2009) ("Burns's violation of the local rule was

surely intentional, as Burns is a perennial litigant who is intimately familiar with the

rules of this Court.  For that reason alone, this Court overrules Burns's objection and

adopts Judge Erickson's R&R.").

There is another serious procedural problem with Naca's objection:  In

challenging Judge Rau's ruling, Naca makes arguments that she could have made, but

did not make, before Judge Rau, and Naca relies on a great deal of evidence that she

could have submitted, but did not submit, to Judge Rau.  For example, Naca alleges for

the first time that Rosenberg defamed an individual in a previous, unrelated case, and

she submits a number of exhibits in support of her allegation.  *See* ECF No. 66 at 23-24;

Nickitas Decl. Exs. G-K.  This is plainly improper.  *See Ridenour v. Boehringer Ingelheim*

*Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (stating that a movant is "required to

present all of his arguments to the magistrate judge, lest they be waived" and "parties

must take before the magistrate, not only their 'best shot' but all of their shots") (citation

and quotations omitted); *Hammann v. 1–800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48

(D. Minn. 2006) ("A party cannot, in his objections to an R&R, raise arguments that were

not clearly presented to the magistrate judge.").

The second reason why the Court overrules Naca's objection is substantive:

"[A]n amendment to a pleading can be successfully challenged on grounds of futility if

the claims created by the amendment would not withstand a Motion to Dismiss for

failure to state a claim upon which relief can be granted." *DeRoche v. All Am. Bottling

Corp.*, 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998). The claims that Naca seeks to bring

would not withstand a motion to dismiss because, as pleaded in her proposed amended

complaint, none of those claims are plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009);

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

As to the defamation claim: Naca seeks to sue Rosenberg because he responded

to an inquiry from a student newspaper about this lawsuit by summarizing

Macalester's position in one sentence: "Kristin Naca's employment at Macalester was

terminated as the result of a serious violation of the college's policies relating to Title IX

protections, following a complaint about her conduct with a student . . . ." The Court

agrees with Judge Rau that this statement was protected by a qualified privilege under

Minnesota law because it was "'made upon a proper occasion, from a proper motive,

and . . . based upon reasonable or probable cause.'" *Stuempges v. Parke, Davis & Co.*, 297

N.W.2d 252, 256-57 (Minn. 1980) (quoting *Hebner v. Great N. Ry.*, 80 N.W. 1128, 1129 (Minn. 1899)).

Rosenberg is the president of a college that was sued by a professor who was fired after engaging in sex with a student three days after that student graduated. The professor and her allies worked to publicize both the college's allegations against the professor and the professor's allegations against the college. The student newspaper asked both the professor and the president to comment on the pending litigation. In response, the president succinctly, accurately, and in a non-inflammatory manner summarized the college's position. Clearly, Rosenberg's comment was made upon a proper occasion and upon reasonable cause, and none of the facts pleaded in the proposed amended complaint plausibly suggest that his motive was not proper. *Cf. Roberts v. Bd. of Trs. of the Minn. State Coll. & Univ. ex rel. State*, No. A03-528, A03-1053, 2004 WL 727175, at *3-4, *6-7 (Minn. Ct. App. 2004) (university administrator's statement to student explaining disciplinary action against professor, and mayor's letter to newspaper concerning controversy surrounding professor, were both protected by qualified privilege). Similarly, none of the facts pleaded in the proposed amended complaint plausibly suggest that "this privilege was abused because the defamatory statements were made with malice." *Bol v. Cole*, 561 N.W.2d 143, 150 (Minn. 1997).

Naca also complains that ". . . Mr. Rosenberg calling Doe a 'survivor' . . . <u>does</u> mean, if not imply, that Doe was the survivor of a sexual assault by Naca." ECF No. 66 at 22. That is simply not true. The term "survivor" is used to describe those who have survived a wide variety of phenomena, including but certainly not limited to various types of sexual misconduct. As the Eighth Circuit has said, "'remarks on a subject lending itself to multiple interpretations cannot be the basis of a successful defamation action because as a matter of law no threshold showing of 'falsity' is possible in such circumstances.'" *McClure v. Am. Family Mut. Ins.*, 223 F.3d 845, 853 (8th Cir. 2000) (quoting *Hunter v. Hartman*, 545 N.W.2d 699, 707 (Minn. Ct. App. 1996)).

Even if Rosenberg's use of the word "survivor" could only be construed as an allegation that Naca engaged in sexual misconduct of a particular type, Naca's defamation claim would fail because Rosenberg's statement would be protected by the qualified privilege. As discussed above, the statement was made on a proper occasion, and the complaint does not plausibly allege that Rosenberg acted with malice. Moreover, the statement is based on reasonable cause. In this lawsuit, Naca has focused almost obsessively on legalistic distinctions between such terms as "sexual assault," "sexual harassment," "sexual abuse," and "sexual misconduct." In so doing, Naca has missed the forest for the trees. Sexual contact between a professor and a student is widely prohibited because of disparities in their relationship. There is always a

disparity in power and authority, and often disparities in education, experience, sophistication, or age. As a result of these disparities, a student cannot give authentic consent to sex with the professor. In continually emphasizing that she did not have sex with the student until three days after the student graduated, Naca ignores that the student testified (and Macalester found) that Naca solicited sex from the student *while she was still a student*. Naca also ignores that Macalester could reasonably have concluded that the disparities between a professor and a student do not entirely disappear the instant that the student is handed her diploma. Rosenberg's use of the term "survivor," even if actionable, was protected by the qualified privilege.

As to the retaliation claims: The Court agrees with Judge Rau that the retaliation claims that Naca seeks to assert are not plausible. As Judge Rau discussed, although courts have recognized retaliation claims brought by employees against their former employers for post-employment actions, courts have generally done so only when the employer refused to honor the fired employee's recall rights, refused to rehire the employee, or gave the employee a negative reference. *See, e.g., Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997) (former employer provided a negative reference to prospective employer of employee); *Fischer v. Minneapolis Pub. Sch.*, 792 F.3d 985 (8th Cir. 2015) (former employer refused to recall employee); *Smith v. St. Louis Univ.*, 109 F.3d 1261 (8th Cir. 1997) (former employer provided a negative reference), *abrogated on other grounds by*

*Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (en banc); *Maynard v. Motors Mgmt. Corp.*, No. 05-CV-1089, 2006 WL 2530354, at *11 (D. Minn. Aug. 31, 2006) (former employer refused to rehire employee). The parties have not cited—and the Court has not found—any decision that recognized a retaliation claim under the circumstances here, where the employee sued her former employer, where the former employer was asked to respond to the allegations made by the employee in her lawsuit, and where the former employer did so.

The reason no such case exists seems obvious: In order to make out a claim for retaliation under any of the civil-rights statutes cited by Naca, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse . . . ." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). In this context, a "materially adverse" action is an action that might have dissuaded a reasonable employee from suing her former employer. *See id.* Naca must prove, in essence, that a reasonable employee in her position might have been dissuaded from suing Macalester if she had known that Rosenberg would respond to a newspaper's request for comment on the lawsuit by briefly summarizing Macalester's position—a position that was *already public knowledge* by virtue of the filing of Naca's complaint. The notion that a reasonable employee might be dissuaded from filing a complaint

describing the reason that her employer gave for firing her because, if she did so, the

employer might describe its reason for firing her is implausible.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT Plaintiff's objection [ECF No. 66] to Magistrate

Judge Rau's order [ECF No. 63] is OVERRULED and the order is AFFIRMED.

Dated:  September 18, 2017              s/Patrick J. Schiltz
                                       Patrick J. Schiltz
                                       United States District Judge