UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KRISTIN NACA, | Case No. 16-CV-3263 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| MACALESTER COLLEGE, | |
| Defendant. | |

Peter J. Nickitas for plaintiff.

Sean R. Somermeyer, Kathlyn E. Noecker, and Terran C. Chambers, FAEGRE BAKER DANIELS LLP, for defendant.

This case is before the Court on two matters: (1) plaintiff Kristin Naca's motion for leave to refile her (previously stricken) objection to Magistrate Judge Becky R. Thorson's August 31, 2017 order denying Naca's motion to amend her complaint; and (2) Naca's objection to Judge Thorson's October 25, 2017 order granting in part and denying in part Naca's motion to compel discovery.

For the reasons that follow, the Court denies Naca's motion for leave to refile her objection to the August 31 order and overrules her objection to the October 25 order. The Court will also order Naca's counsel, Peter Nickitas, to show cause why he should not be required to pay $1,000 to defendant Macalester College to compensate it for

having to incur attorney's fees to brief the effect of Nickitas's failures to comply with the Local Rules of this District.

*A. Motion to Refile*

Naca sought leave to file a third amended complaint. Judge Thorson denied the motion. ECF No. 101. At 10:40 pm on the date that objections to Judge Thorson's order were due, Nickitas filed an objection that was grossly in excess of (in fact, more than double) the word count prescribed by the Local Rules. ECF No. 102. The Court struck Naca's objection the next day, noting that this was not the first time that Nickitas had violated the Local Rules in this case. ECF No. 108. Later that day, Naca filed a motion for leave to refile Naca's objection, with a copy of the proposed objection attached. ECF No. 109.

In essence, Naca is requesting leave to file a late objection. *See* D. Minn. L.R. 72.2(a)(1) (14-day deadline for filing objections). But in the one-paragraph motion, Nickitas offers no explanation for his violation of the rules and no argument for why Naca should be permitted to file a late objection. For that reason alone, Naca's motion is denied.

Even if the Court were to consider Naca's proposed objection on the merits and review de novo Judge Thorson's order, the Court would overrule the objection and affirm the order. *See Magee v. Trs. of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1062

(D. Minn. 2013) ("[T]he Court reviews de novo a magistrate judge's determination that a motion to amend a pleading will be denied because the amendment would be futile."). The Court generally agrees with Judge Thorson's analysis. Only a few matters merit comment:

Naca argues that her entitlement claim under the Family Medical Leave Act ("FMLA") is timely because it relates back to the filing of her first amended complaint. To the extent that Naca claims that Macalester is liable under the FMLA for failing to inform her in December 2013 that she was eligible to take leave under the FMLA, *see* Third Am. Compl. ¶ 52, the Court agrees with Judge Thorson that this claim does not relate back. Moreover, even if this claim about an omission that occurred in December 2013 did relate back to the filing of the first amended complaint in October 2016, the claim would still be barred by the two-year statute of limitations. 29 U.S.C. § 2617(c)(1). It is not true, as Naca argues on the basis of irrelevant Minnesota case law, that Naca's FMLA claim did not accrue until she discovered it. Naca's argument is belied by the language of the FMLA itself, which clearly provides that the limitations period begins running on the date of the violation. *Id.* ("an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought").

To the extent that Naca bases her FMLA entitlement claim on the various requests for leave identified in her proposed third amended complaint, she is correct that her claim relates back. In her first amended complaint, Naca pleaded that she requested medical leave on several occasions and that Macalester unlawfully denied her requests. Am. Compl. ¶¶ 70, 75, 77-79, 82-83. Naca's FMLA entitlement claim is based on this same series of requests and thus "ar[ises] out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *see also Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir. 1996) ("The basic inquiry is whether the amended complaint is related to the general fact situation alleged in the original pleading.").

Naca's FMLA entitlement claim is nevertheless untimely, however, because she does not identify any leave request that was denied within the two years preceding the filing of this action. *Reed v. Lear Corp.*, 556 F.3d 674, 681 (8th Cir. 2009) ("An FMLA violation occurs when an employer improperly denies a request for leave."). Like her other pleadings, Naca's proposed third amended complaint manages to be both prolix and ambiguous, and it is therefore difficult to identify and catalogue her leave requests. It is clear, however, that the only possible leave request that could fall within the two-year statute of limitations—a request for a one-course reduction in the fall of 2015—was *granted*. *See* Third Am. Compl. ¶¶ 83-84. True, Naca was fired before she could take

advantage of that course reduction. As discussed below, however, Naca has not alleged any plausible connection between her leave requests and her termination and therefore she cannot base an FMLA claim on this fact.

Naca also alleges that in April 2014 she requested a one-course reduction for spring 2015. Third Am. Compl. ¶¶ 67-70. While Naca alleges that Macalester failed to follow up on this request, Third Am. Compl. ¶ 81, she does not allege that she renewed the request during the two years preceding this action.[1]

Naca argues that the three-year limitations period for willful violations—rather than the two-year limitations period for non-willful violations—should apply to her FMLA claim. *See* 29 U.S.C. § 2617(c)(2). Naca did not present this argument to Judge Thorson, however, and therefore she cannot raise it now. *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) ("The district court properly refused to consider Ridenour's argument that longer statute of limitations periods applied to his claims because this argument was not presented first to the magistrate judge.").

---

[1]Naca does allege continued requests for medical leave, *see* Third Am. Compl. ¶ 83, but the email cited in that allegation is a request for the one-course reduction in the fall of 2015 that Macalester granted, *see* ECF No. 91-1 at 117. The Court notes that it may consider emails that Naca cited in her complaint in determining whether her proposed amendments are futile. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (in ruling on a motion to dismiss, court may consider matters incorporated by reference into a complaint); *Zutz v. Nelson*, 601 F.3d 842, 850-51 (8th Cir. 2010) (an amendment is futile if it would not withstand a motion to dismiss).

For the same reason, the Court will not consider the "new" deposition testimony that Naca cites in her objection. *See id.* ("'[p]arties must take before the magistrate, not only their "best shot" but all of their shots'" (quoting *Borden v. Sec. of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (per curiam)). Naca admits that the *deposition* at issue took place before she filed her most recent motion to amend her complaint, *see* ECF No. 109-1 at 7 n.2, but she claims that she did not mention the supposedly important testimony to Judge Thorson because the *transcript* did not become available until later. But the issue is the sufficiency of Naca's proposed third amended complaint; matters outside the pleadings are not relevant to that issue. Setting that aside, Naca was obviously represented at the deposition and aware of the testimony, so she could have alleged the substance of the testimony in her proposed third amended complaint—and described that testimony to Judge Thorson—without awaiting the production of the transcript. Finally, Naca's timeline is misleading. Naca originally filed her motion to amend on June 9, but refiled it on June 13 after being notified of technical filing errors. *See* ECF Nos. 80, 88. Naca obtained the transcript on June 10. ECF No. 109-1 at 7 n.2. In sum, there is no excuse for Naca's failure to bring the substance of the testimony to Judge Thorson's attention, and the Court therefore declines to consider that testimony.

As to the remainder of Naca's arguments, the Court agrees with Judge Thorson's analysis. Naca's disparate-impact claim fails because she does not identify a specific

facially neutral policy that has a disparate impact.[2] Her general attack on the "practice" of promoting tenure-track faculty to associate professorships does not suffice; this is akin to attacking an employer's "practice" of hiring employees or "policy" of paying employees.[3] In addition, as the Court has already held, Naca failed to exhaust her administrative remedies for this claim insofar as it is based on Title VII and the Americans with Disabilities Act. ECF No. 73 at 66.

Finally, as the Court explained at the hearing on Macalester's motion to dismiss Naca's amended complaint, Naca has not alleged any facts showing a connection

---

[2]*See Franklin v. Local 2 of the Sheet Metal Workers Int'l Ass'n*, 565 F.3d 508, 516 (8th Cir. 2009) (to state prima facie case of disparate impact under Title VII, plaintiff must show an identifiable, facially neutral personnel policy or practice); *LaBonte v. TEAM Indus., Inc.*, No. A06-1593, 2007 WL 2106787, at *4 (Minn. Ct. App. July 24, 2007) ("To make a prima facie showing of disparate impact, respondent was required to show that a particular employment practice adversely affected a group of people protected by the MHRA."); *Femino v. NFA Corp.*, 274 F. App'x 8, 10 (1st Cir. 2008) (to make a prima facie showing of disparate impact under the ADA, a plaintiff must "identify the challenged employment practice or policy, and pinpoint the defendant's use of it" (citation and quotations omitted); *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1059 n.4 (8th Cir. 2016) ("Cases interpreting the ADA and the Rehabilitation Act are interchangeable."); *see also Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (although an employment-discrimination plaintiff does not have to plead a prima facie case, the prima facie elements are relevant to a plausibility determination).

[3]In conjunction with her attack on Macalester's "practice" of promoting tenure-track professors, Naca mentions early, accelerated, and delayed tenure review. It is clear, however, that Naca is not attacking Macalester's *timing* of tenure review as a facially neutral practice that results in a disparate impact; instead, she alleges that Macalester grants early tenure review to white able-bodied men and denies it to others. *Cf.* Third Am. Compl. ¶¶ 60-65, 90-91, 239. This is simply not a disparate-impact claim.

between her termination and her various requests for leave or accommodation. Naca attempts to show such a connection by alleging more facts concerning the involvement of former provost Kathleen Murray in reviewing Naca's leave and accommodation requests. The fact remains, however, that Naca does not plausibly allege that anyone who was involved in the decision to terminate her—a decision that was made after Murray was replaced as provost—knew anything about her requests.[4]

### B. Objection to Discovery Order

Naca has also filed an objection to Judge Thorson's October 25, 2017 discovery order. Notably, this objection was filed in violation of the time limitations imposed by the Local Rules, *see* D. Minn. L.R. 72.2(a)(1)—a circumstance that Naca does not even acknowledge, much less attempt to justify. For that reason alone, the Court overrules her objection.

Even if the Court were to rule on the merits of Naca's objection, the Court would overrule the objection and affirm Judge Thorson's order. Nothing in Naca's objection persuades the Court that Judge Thorson's order is erroneous or contrary to law; indeed,

---

[4]Naca alleges that, on June 15, 2015, Macalester President Brian Rosenberg instructed Murray via email to "proceed with the 'plan,' to discharge Plaintiff, under a pretext, in retaliation for Plaintiff's repeated reasonable accommodation requests." Third Am. Compl. ¶ 117; *see id.* ¶ 85. The emails discuss getting advice and scheduling a conference call regarding the student complaint against Naca that ultimately became the basis for Naca's termination. *See* ECF No. 93. They do not say a word about Naca's leave and accommodation requests, and Naca nowhere alleges that Murray told Rosenberg about the requests.

nothing in Naca's objection even *discusses* the reasons given by Judge Thorson for her rulings. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (a magistrate judge's ruling on nondispositive matters may be reversed only if it is "clearly erroneous or contrary to law"). The Court notes that if, contrary to Macalester's representations to Judge Thorson, Macalester has not produced all documents relating to allegations against Professor Boychuk, Naca may seek sanctions and other relief from Judge Thorson.

### C. Attorney's Fees

In its response to Naca's motion to refile her objection to the August 31 order and her untimely objection to the October 25 order, Macalester asks that the Court order her to pay Macalester's attorney's fees and costs. The Court declines to order Naca or Nickitas to pay the fees and costs that Macalester incurred in responding to Naca's substantive arguments. But Nickitas has repeatedly violated the Local Rules without excuse, explanation, or even acknowledgment. Macalester should not have to bear the cost of Nickitas's violations. *See* ECF No. 110 at 5 ("In this case and in several other cases before the Court, Naca's counsel has regularly violated the Federal Rules of Civil Procedure and the local rules of this District. The Court will no longer tolerate such violations."). The Court will therefore require Nickitas to show cause why he should not be ordered to pay $1,000 to compensate Macalester for the attorney's fees that it

incurred in briefing the effect of Nickitas's multiple violations of the Local Rules.[5]  *See* 28 U.S.C. § 1927.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for leave to refile her objection [ECF No. 109] is DENIED.

2. Plaintiff's objection [ECF No. 147] to the October 25, 2017 order of Magistrate Judge Becky R. Thorson [ECF No. 141] is OVERRULED and the order is AFFIRMED.

3. No later than Friday, January 12, 2018, plaintiff's counsel, Peter Nickitas, must file a memorandum of no more than 2,000 words showing cause why he should not be ordered to pay attorney's fees in the amount of $1,000 to defendant to compensate defendant for incurring fees relating to his violation of D. Minn. L.R. 72.2(a)(1) and (c).

---

[5]Macalester also contends that Nickitas violated Judge Thorson's protective order by referring to Jane Doe, the student who made a complaint against Naca, by her real name.  *See* ECF No. 51 (protective order).  Because the filing in which Nickitas referred to Jane Doe by name is not publicly available, however, *see* ECF No. 147, the reference does not appear to violate the order.

Dated:  December 28, 2017         s/Patrick J. Schiltz
                                  Patrick J. Schiltz
                                  United States District Judge